

# Notice of Service of Process

**TMM / ALL**
**Transmittal Number: 23059190**
**Date Processed: 04/15/2021**

| | |
|---|---|
| **Primary Contact:** | Andrew Bell<br>CMA CGM (America) LLC<br>5701 Lake Wright Dr<br>Norfolk, VA 23502-1868 |
| **Electronic copy provided to:** | Kristi Hunter Thompson<br>Alexandra Konikoff |
| **Entity:** | Terminal Link Texas, LLC<br>Entity ID Number  4102915 |
| **Entity Served:** | Terminal Link Texas LLC |
| **Title of Action:** | Ramona Haggerty vs. Terminal Link Texas, LLC |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202121519 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/13/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Brenton J. Allison<br>713-224-6622 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT 2-A**

**COPY OF PLEADING PROVIDED BY PLT**

Receipt Number: 916213
Tracking Number: 73859632 EML

CAUSE NUMBER: 202121519

| | |
|---|---|
| PLAINTIFF: HAGGERTY, RAMONA | In the 333rd Judicial |
| vs. | District Court of |
| DEFENDANT: TERMINAL LINK TEXAS LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TERMINAL LINK TEXAS LLC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701-3136

OR WHEREVER IT MAY BE FOUND

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.
This instrument was filed on April 12, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 13, 2021.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: ADILIANI SOLIS

Issued at request of:
ALLISON, BRENTON JOEL
2005 CULLEN BLVD.
PEARLAND, TX  77581
713-224-6622

Bar Number: 24040417

DELIVERED:
ON  4/13/21
BY  TH 3012

Tracking Number: 73859632 EML

CAUSE NUMBER: 202121519

| PLAINTIFF: HAGGERTY, RAMONA | In the 333rd |
| --- | --- |
| vs. | Judicial District Court |
| DEFENDANT: TERMINAL LINK TEXAS LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock \_\_\_\_. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock \_\_\_\_. M., on the _____ day of _____, 20 \_\_\_\_\_,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____ of _____

County, Texas

_____ By: _____
Affiant                                               Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 \_\_\_\_\_

_____
Notary Public

4/12/2021 4:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52377221
By: Adiliani Solis
Filed: 4/12/2021 4:31 PM

CAUSE NO. _____

| | | |
|---|---|---|
| RAMONA HAGGERTY,<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| TERMINAL LINK TEXAS, LLC,<br>*Defendant.* | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RAMONA HAGGERTY, Plaintiff herein, and files this *Plaintiff's Original Petition*, complaining of TERMINAL LINK TEXAS, LLC, Defendant herein, and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.01  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3. Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

### II.
### PARTIES

2.01  Plaintiff, RAMONA HAGGERTY, is a natural person residing in Harris County, Texas.

2.02  Defendant, TERMINAL LINK TEXAS, LLC is upon information and belief, a foreign limited liability company, organized and existing under the laws of the State of

1

Delaware, and which conducts business in the State of Texas. Defendant TERMINAL LINK TEXAS, LLC may be served with process by delivering a copy of this *Plaintiff's Original Petition* to its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136, or wherever it may be found. *Issuance of citation is requested at this time, and the fee for said issuance has been paid to the District Clerk.*

### III.
### VENUE AND JURISDICTION

3.01    Pursuant to Section 15.002 *et seq.* of the Texas Civil Practice & Remedies Code, venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

3.02    The Court has jurisdiction over this cause of action pursuant to Tex. Gov. Code §§ 24.007 and 24.008. The amount in controversy exceeds the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over the parties as set forth above.

### IV.
### RULE 28 REQUEST FOR SUBSTITUTION OF TRUE NAME

4.01    To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that Defendant answer in its true name.

### V.
### FACTS

5.01    On or about the afternoon of March 7, 2021, Plaintiff, RAMONA HAGGERTY (hereinafter "Plaintiff") was operating a passenger transport bus in the Bayport Terminal within

the Port of Houston Authority. At that time, Plaintiff was operating her vehicle southbound in the right lane, while a commercial Yard Truck owned, leased, managed, controlled, maintained, and/or operated by Defendant, TERMINAL LINK TEXAS, LLC (hereinafter "Defendant"), was proceeding southbound in a lane immediately to the left of Plaintiff's lane of travel. As Plaintiff approached an intersection where she maintained right of way, with regard to cross-traffic, suddenly, unexpectedly, and without warning, Defendant's Yard Truck made an improper turn to the right, entering Plaintiff's lane of travel and colliding into Plaintiff's vehicle.

5.02   Upon information and belief, Defendant's Yard Truck was, at the time of the collision, being driven by Mr. Jerome Chadwick while in the course and scope of his duties as an employee of Defendant's.

5.03   As a result of the collision, Plaintiff sustained serious injuries to her back, legs, knees, arm, and other parts of her body. Nothing Plaintiff did or failed to do caused or contributed to the collision made the basis of this suit or her resulting injuries.

## VI.
## CAUSES OF ACTION

6.01   Plaintiff brings causes of action against Defendant as set forth below:

**A. NEGLIGENCE**

6.02   Plaintiff adopts and incorporates by reference all allegations contained in paragraphs 5.01 through 6.01 above, as though set forth verbatim herein.

6.03   Upon information and belief, Defendant owned, leased, managed, controlled, maintained, and/or operated the Yard Truck that was involved in the underlying collision, which at all times material hereto, remained under Defendant's care, custody, and/or control. Plaintiff would show that under the direction and command of Defendant, Defendant's Yard Truck was carelessly and/or recklessly operated in one or more of the following particulars:

3

a. failing to exercise caution and maintain a proper lookout;

b. failing to pay attention to driving conditions;

c. failing to control the speed of Defendant's Yard Truck at the time of the collision;

d. failing to maintain proper control of Defendant's Yard Truck as a reasonable and prudent person would have done under the same or similar circumstances;

e. failing to take proper evasive action to avoid the collision;

f. failing to apply the brakes of Defendant's Yard Truck in a timely manner and with sufficient force to avoid the collision;

g. failing to turn Defendant's Yard Truck to avoid the collision;

h. failing to operate Defendant's Yard Truck at a safe speed and in a safe manner;

i. failing to give warning of the impending collision;

j. in driving the Yard Truck with a willful and wanton disregard for the safety of persons or property in violation of the Texas Transportation Code Section 545.401, among other applicable regulations, said actions constituting negligence *per se*; and

k. other acts and/or omissions of negligence which may be proved at trial.

6.04   Each of these acts and/or omissions by Defendant, jointly or individually, singularly or in combination with others, constitute negligence, which proximately caused the subject collision and the injuries and damages sustained by Plaintiff. Nothing Plaintiff did or failed to do caused or contributed to the collision made the basis of this suit or Plaintiff's resulting injuries.

B. **NEGLIGENT HIRING, TRAINING, RETAINING, AND/OR SUPERVISION**

6.05   Plaintiff adopts and incorporates by reference all allegations contained in paragraphs 5.01 through 6.04 above, as though set forth verbatim herein.

4

6.06 Plaintiff would also show that on the occasion in question, Plaintiff was caused to sustain serious injuries because Defendant ATS was negligent in hiring, training, retaining, and/or supervising the driver of Defendant's Yard Truck in his agency and/or employment, including but not limited to, one or more of the following particulars:

- a. failing to protect the safety and health of the public and/or other persons from hazard(s) and/or risk(s) posed to them by operation of Defendant's Yard Truck and/or other equipment, generally;

- b. failing to promulgate, implement, enforce, and identify safety rules and regulations pertaining to conducting safe operation of Defendant's Yard Truck;

- c. failing to hire properly trained employees and contractors for use of equipment, including the subject Yard Truck, to prevent accidents due to inexperienced, inattentive, and/or unqualified operation similar to that in connection with the subject incident;

- d. failing to take appropriate steps to provide proper supervision, training, and counseling of employees, contractors, and intended users of Defendant's Yard Truck in question;

- e. failing to supply adequate and skilled personnel to operate its vehicles;

- f. failing to comply with applicable statutes, rules, regulations, policies, and procedures;

- g. failing to train the driver of Defendant's Yard Truck in applicable Texas Transportation Code sections and other applicable statutes and regulations concerning operation of the vehicle; and

- h. other acts of negligence, incompetence, and/or omissions which may be proved at trial.

6.07 Each of these acts and/or omissions by Defendant, jointly or individually, singularly or in combination with others, constitute negligence, which proximately caused the subject collision and the injuries and damages sustained by Plaintiff. Nothing Plaintiff did or failed to do caused or contributed to the collision made the basis of this suit or Plaintiff's resulting injuries.

### C. NEGLIGENT ENTRUSTMENT

6.08    Plaintiff adopts and incorporates by reference all allegations contained in paragraphs 5.01 through 6.07 above, as though set forth verbatim herein.

6.09    Upon information and belief, Defendant negligently entrusted Defendant's Yard Truck, and the duties and responsibilities in connection therewith, to the driver of that vehicle at the time of the subject collision.

6.10    The driver of Defendant's Yard Truck at the time of the collision was an incompetent and/or reckless driver. At the time of the entrustment, Defendant knew and/or should have known that the driver was an incompetent and/or reckless driver.

6.11    The driver of Defendant's Yard Truck was negligent at the time of Plaintiff's injury.

6.12    Defendant could reasonably have anticipated that entrusting Defendant's Yard Truck to an incompetent and/or reckless driver would result in an injury.

6.13    Defendant's Yard Truck's driver's negligence proximately caused bodily injury and economic damages to Plaintiff.

6.14    Each of these acts and/or omissions by Defendant, singularly or in combination with others, constitute negligence, which proximately caused the subject collision and the injuries and damages sustained by Plaintiff. Nothing Plaintiff did or failed to do caused or contributed to the collision made the basis of this suit or Plaintiff's resulting injuries.

## VII.
## RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

7.01    Defendant is liable under the doctrine of *respondeat superior* in that the driver of Defendant's commercial tractor trailer was driving that vehicle in the course and scope of his employment with Defendant. The driver's use and operation of Defendant's Yard Truck was

within the scope of his general authority granted by Defendant, was in furtherance of the business of Defendant, and was for the accomplishment of the object for which that driver was hired.

7.02   The foregoing acts and/or omissions constitute negligence and negligence *per se*, and proximately caused Plaintiff's injuries and damages alleged herein. Nothing Plaintiff did or failed to do caused or contributed to the collision made the basis of this suit or Plaintiff's resulting injuries.

## VIII.
## AGENCY

8.01   Wherever in this Petition it is alleged that Defendant did any act, thing, or omission, it is meant that Defendant's officers, agents, servants, employees, or representatives did such act, thing, or omission, and that at the time such act, thing, or omission was done, it was done with the full authorization or ratification of Defendant, or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## IX.
## DAMAGES

9.01   As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff sustained injuries, and incurred medical expenses for the necessary care of her injuries. These charges are reasonable and customary with charges made for such services in the county or counties where they were provided. With reasonable medical probability, Plaintiff will continue to incur medical expenses for the necessary treatment of her injuries in the future.

9.02   Categorical damages which Plaintiff seeks to recover from Defendant include compensation for the following:

a.   physical pain and suffering in the past and future;

b.   mental anguish in the past and future;

c.   disfigurement in the past and future;

d.   physical impairment in the past and future;

e.   medical expenses in the past and future;

f.   loss of earning capacity in the past and future;

g.   loss of consortium in the past and future; and

h.   loss of household services in the past and future.

9.03   Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

9.04   Plaintiff is entitled to prejudgment interest as allowed by law.

9.05   Plaintiff respectfully reserves the right to plea further if necessary as discovery progresses.

## X.
## CONDITIONS PRECEDENT

10.01   All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

## XI.
## JURY DEMAND

11.01   Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.   Plaintiff has tendered the appropriate jury fee.

## XII.
## RULE 193.7 NOTICE

12.01   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that Plaintiff may use any and all documents produced by Defendant against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating such documents.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, RAMONA HAGGERTY, prays that Defendant, TERMINAL LINK TEXAS, LLC, be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff have judgment against Defendant for damages described herein, including:

- a. all actual damages, general and special;
- b. pre- and post-judgment interest at the highest legal rate as provided by statutory and common law;
- c. costs of suit; and
- d. any and all further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

GILMAN ✱ALLISON LLP

*/s/ Brenton J. Allison*

Brenton J. Allison
Texas Bar No. 24040417
ballison@gilmanallison.com
Douglas T. Gilman
Texas Bar No. 24048496
dgilman@gilmanallison.com
Michael S. Prejean
Texas Bar No. 24092993
mprejean@gilmanallison.com
2005 Cullen Blvd.
Pearland, Texas 77581
Tel: (713) 224-6622
Fax: (866) 543-3643

**ATTORNEYS FOR PLAINTIFF**